UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Diego Galicia | § | |
| | § | |
| | § | Civil Action No. |
| | § | |
| v | § | 5:19-cv-1163 |
| | § | |
| | § | |
| | § | |
| HF Holdings, Inc. | § | |
| | § | |

Plaintiff's Original Complaint

_____

## Introduction

1. The Fair Debt Collection Practices Act was enacted to stop debt collectors from harassing, abusing, and making misrepresentations to and about consumers. Congress found that these practices led to job loss, the number of personal bankruptcies, invasions of privacy, and marital instability.

2. The FDCPA prohibits debt collectors from making false representations in the course of collection debts. The FDCPA at 15 U.S.C. § 1692e provides a non-exhaustive list of per-se violations that constitute false representations. Among these are misstating the character, amount or legal status of a debt, 15 U.S.C. § 1692e(2)(A), threatening to take an action that cannot be taken or is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt, 15 U.S.C. § 1692e(10).

3. Texas enacted Chapter 392 of the Texas Finance Code to stop Texans from suffering harassment and abuse at the hands of debt collectors. In an effort to help people distinguish legitimate debt collectors from debt scams, Texas requires third party debt collectors to obtain a bond and file it with the secretary of state. *See* Tex. Fin. Code § 392.101.

4. Plaintiff brings this action for Defendant's violations of the FDCPA and Texas Finance Code and seeks actual damages, statutory damages, attorney's fees, costs, and all other relief available at law or in equity.

## Jurisdiction & Venue

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Supplemental jurisdiction for Plaintiff's state law claims arises under 15 U.S.C. § 1367.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

8. Plaintiff, Diego Galicia, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

9. Defendant, HF Holdings, Inc ("HFH"), is a Florida Corporation with its principal place of business at 1707 Orlando Central Parkway, Suite

440, Orlando Florida 32809. HF Holdings, Inc. may be served via its registered agent Basil Hamdan at 5929 Anno Avenue, Orlando, FL 32809, or wherever he may be found.

Facts

10. HFH regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

11. The principal purpose of HFH is the collection of such debts.

12. The Debt is a defaulted debt that Galicia used for personal, family, and household purposes (the "Debt").

13. Galicia rented an apartment near downtown San Antonio.

14. After numerous problems with the apartment, the complex moved him into a new unit.

15. As a result of this move, the accounting for the new apartment got mixed up with that of the old.

16. Upon moveout in January 2019, Galicia ensured that the complex straightened out all of the utilities and other expenses.

17. The complex represented to him that he did not owe a balance.

18.  On September 16, 2019 HFH sent Galicia an email with the subject line:

RE: Regency Property Management v. Diego Galicia Case #[XXX]46

19. The text of the email:

> Please be advised that our office now represents the above-named client with respect to your past due balance of $673.49. Prior to recommending to our client that they commence litigation in the local courts, we afford you this opportunity to remit your payment.
>
> In the event we do not receive your payment, we will advise our client to consider retaining one of our local affiliate attorneys for litigation.
>
> If litigation becomes necessary, you may be held responsible for additional costs of this action; including, but not limited to: court costs, attorney fees and other litigation expenses that the court may award. Time is of the essence if you wish to resolve this matter without additional expense.
>
> Please do not fail to give this matter your urgent attention. Make your payment now to avoid additional expense. If you have any questions concerning this case, contact me immediately.

20. On or about September 24, Galacia received a letter from HFH dated September 17. A true and correct copy of that letter is attached hereto as Exhibit A, except that per Fed. R. Civ. P. 5.2 it has been redacted.

21. In the letter HFH reiterates its litigation threats.

22. A search of Bexar County court records shows that neither Defendant HF Holdings, Inc. or Regency Property Management have been party to

a lawsuit here.[1] A search of Dallas[2], Harris[3] and Travis[4] Counties' records provides the same result.

23. On information and belief, neither HFH nor Regency Property Management has filed suit in the State of Texas.

24. Neither intended to file suit against Galacia and HFH used the threat of suit to coerce payment from him on a debt he does not owe. Using a case number on the subject line of the email implies that suit is imminent or has already been filed.

25. A search of the Texas Secretary of State's website shows that HFH does not have a bond on file.[5] HFH is not authorized to collect debts in Texas.

## First Cause of Action – Fair Debt Collection Practices Act

26. HFH is a debt collector as defined by 15 U.S.C. § 1692a(6).

27. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

28. Galacia is a consumer as defined by 15 U.S.C. § 1692a(3).

29. The email is a communication as defined by 15 U.S.C. § 1692a(2).

30. HFH's communication violates the FDCPA in that:

---

[1] https://search.bexar.org/ last searched September 17, 2019.
[2] https://courtsportal.dallascounty.org/DALLASPROD/Home/WorkspaceMode?p=0 last searched September 18, 2019.
[3] https://www.hcdistrictclerk.com/eDocs/Public/Search.aspx last searched September 18, 2019.
[4] https://www.traviscountytx.gov/district-clerk/online-case-information last searched September 18, 2019.
[5] https://direct.sos.state.tx.us/debtcollectors/DCSearch.asp last searched September 18, 2019.

    a. It misstates the amount of a debt in violation of 15 U.S.C. § 1692e(2)(a);

    b. It threatens to take action that it cannot take or is not intended to be taken in violation of 15 U.S.C. § 1692e(5); and

    c. It uses a false representation in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

31. These violations invaded Galacia's rights as protected by the FDCPA, the invasion of which caused an injury-in-fact.

## Second Cause of Action –Texas Finance Code Chapter 392

32. Galacia is a consumer as defined by Tex. Fin. Code § 392.001(1).

33. The Debt is a consumer debt as defined by Tex. Fin. Code § 392.001(2).

34. HFH is a third-party debt collector as defined by Tex. Fin. Code § 392.001(7).

35. HFH's email is as act of debt collection as defined by Tex. Fin. Code § 392.001(5).

36. HFH violated Chapter 392 of the Texas Finance Code in that it:

    a. Attempted to collect a debt, as a third-party debt collector, without first obtaining a surety bond and filing it with the secretary of state in violation of Tex. Fin. Code § 392.101; and

    b. Used a false representation or deceptive means to collect a debt in violation of Tex. Fin. Code § 392.304(a)(19).

## Jury Demand

37. Plaintiff demands this case be tried before a jury.

## Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

    a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

    b. Statutory damages per 15 U.S.C. § 1692k(a)(2);

    c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3);

    d. Actual damages per Tex. Fin. Code § 392.403(a)(2);

    e. Statutory damages per Tex. Fin. Code §392.403(e); and

    f. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b).

Dated: September 26, 2019      Respectfully Submitted,

                          /s/William M. Clanton
                          William M. Clanton
                          Texas Bar No. 24049436

                          Law Office of Bill Clanton, P.C.
                          926 Chulie Dr.
                          San Antonio, Texas 78216
                          210 226 0800
                          210 338 8660 fax
                          bill@clantonlawoffice.com